UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KAREN WOODALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-514 |
| | ) | (VARLAN/SHIRLEY) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 14] and the defendant's motion for summary judgment. [Doc. 16]. Plaintiff Karen Woodall seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's spinal stenosis and disc bulging in the lumbar spine, obstructive lung disease, asthma, carpal tunnel syndrome, hypertension, headaches, cutaneous sarcoidosis without pulmonary involvement, major depression, pain disorder, and

anxiety are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity: to lift and carry 20 pounds occasionally or 10 pounds frequently; sit, stand, or walk for no more than 6 hours each out of an 8 hour day, and not more than 30 minutes continuously; or perform more than occasional stooping or bending. The claimant can sustain persistence and pace over extended periods of time for simple tasks. She would have difficulty, at times, sustaining persistence and pace over detailed tasks, but she could still perform them. The claimant is able to interact with the general public with some difficulty at times.

7. The claimant is unable to perform any of her past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant is "an individual closely approaching advanced age" (20 C.F.R. §§ 404.1563 and 416.963).

9. The claimant has "a high school (or high school equivalent) education" (20 C.F.R. §§ 404.1564 and 416.964).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. §§ 404.1568 and 416.968).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 C.F.R. §§ 404.1567 and 416.967).

> 12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.14 as a framework for decision-making, as well as the testimony of the vocational expert, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include the following jobs in the state and national economies: office helper, numbering 2,293 in the state economy and 141,687 in the national economy; furniture rental clerk, numbering over 1,600 in the state economy and over 40,000 in the national economy; and storage facility rental clerk, numbering over 1,500 in the regional economy and over 24,000 in the national economy.
>
> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. 23).

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to evaluating whether substantial evidence supports the ALJ's conclusion and whether the ALJ applied proper legal standards. Key v. Callahan, 109 F.3d 273 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). To determine whether substantial evidence exists, the Court must review the administrative record as a whole. Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). Reversal of the Commissioner's findings is not appropriate "merely because there exists in the record substantial evidence to support a different conclusion." Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (holding that, in a close case, unless the court is persuaded that the Secretary's

findings are "legally insufficient," they should not be disturbed). The Court may not review the case de novo, resolve conflicts in evidence, or decide questions of credibility. <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Plaintiff argues on appeal that substantial evidence does not support the decision of the ALJ, because the ALJ erred: in finding that plaintiff's impairments permit her to perform light work; in failing to properly consider plaintiff's multiplicity of impairments; and in finding that plaintiff was not a credible witness. [Doc. 15].

The Commissioner contends that substantial evidence supports the ALJ's decision regarding the issues presented on appeal by the plaintiff. The Commissioner argues that the ALJ correctly concluded that plaintiff was not disabled, because she could perform a significant number of light work jobs in the regional and national economy, given her medical and vocational characteristics. [Doc. 17].

Plaintiff first argues that the ALJ erred in finding that plaintiff's impairments permit her to perform light work. Plaintiff contends that the ALJ erred by failing to give the proper consideration to plaintiff's claims of severe pain and to the objective evidence supporting plaintiff's claims of severe pain. Plaintiff correctly notes that there is a two step process for evaluating a client's assertions of pain. In describing this process, the Sixth Circuit has stated that:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

<u>Felisky v. Bowen</u>, 35 F.3d 1027, 1038-39 (6th Cir. 1994).

However, this process only applies to claims of disabling pain supported by objective

4

medical evidence. Subjective complaints of pain are subject to a different standard, as "subjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability.'" Buxton, 246 F.3d at 773 (quoting 42 U.S.C. § 423(d)(5)(A)). "In evaluating the claimant's subjective complaints of pain an administrative law judge may properly consider the claimant's credibility, and we accord great deference to that credibility determination." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 392 (6th Cir. 2004).

The Commissioner argues that the ALJ did not err by discounting plaintiff's claims of severe pain and finding that plaintiff could perform light work. The Commissioner notes that the ALJ's finding that plaintiff could perform light work is supported by ample evidence, including: Dr. Summers' report, which indicated that plaintiff might "have difficulty with bending, stopping, and lifting greater than 20 lbs as well as sitting, standing, or walking for greater than 30 minutes continuously or more than 6 hours total in a single workday. She should tolerate all other work related activities in this regard" (Tr. 211); Dr. Downey's assessment, which indicates that plaintiff faces only light exertional limits (Tr. 231-35); the fact that there are no medical opinions contradicting a finding that plaintiff can perform light work (Tr. 19-20); plaintiff's own statements that she could sit or stand for about 30 minutes and lift 20 pounds (Tr. 131, 209); and the psychological evaluations of both Ms. Garland and the state agency psychologist (Tr. 203-08, 212-29).

The Court finds no error with the ALJ's finding that plaintiff is able to perform light work, despite plaintiff's claims of severe pain and other severe medical conditions. With regard to plaintiff's allegations of severe pain, it is true that plaintiff has satisfied step one of the two step process for evaluating objective evidence of disabling pain, as there is objective evidence that

5

plaintiff suffers from multiple medical conditions, including lumbago, lumbosacral neuritis, lumbar spinal stenosis, and extruded and bulging discs. (Tr. 338-42, 260, 310). However, plaintiff has not satisfied the second step of the two step process.

To satisfy the second step, plaintiff must provide either objective medical evidence which proves the severity of the alleged pain, or the medical condition must be so severe as to produce the alleged disabling pain. The record does not support a finding for either of the possible step two factors. There is no objective medical evidence which proves the severity of plaintiff's alleged pain; it is instead all subjective, based upon plaintiff's claims. As for the severity of plaintiff's medical condition, as the ALJ pointed out in his opinion, "the claimant's clinical exams did not consistently reveal any significant neurological or musculoskeletal abnormalities and she was treated conservatively with prescribed muscle-relaxers and anti-inflammatories." (Tr. 19). The absence of any significant abnormalities and the conservative course of treatment suggest that plaintiff's medical condition is not of sufficient severity to satisfy the Felisky test.

Given that plaintiff can not satisfy both steps of the two step process for evaluating objective evidence of disabling pain, the Court must instead consider the subjective evidence of disabling pain. However, since the evaluation of subjective evidence of pain is a credibility issue, the Court must provide great deference to the findings of the ALJ. In the instant case, the record contains evidence sufficient to support the ALJ's decision to discount plaintiff's testimony, including plaintiff's claims of disabling pain. Examples of items which tend to show that the plaintiff's testimony might not be credible include the fact that plaintiff's medical conditions required only conservative treatment (Tr. 19, 340), that plaintiff declined surgery in favor of continued conservative treatment (Id.), and the absence of any credible medical opinion supporting

6

plaintiff's claim that she was unable to perform light work (Tr. 19-20). These factors, when considered in conjunction with the plaintiff's daily activities and all of the credible medical evidence in the record, imply that plaintiff's allegations of severe pain may not be credible. The record contains sufficient evidence to support the substantial evidence standard, therefore the ALJ did not err in discounting plaintiff's claim of suffering from disabling pain.

With regard to plaintiff's other medical conditions, the Court finds that the ALJ did not err in finding that those medical conditions would not preclude plaintiff from performing light work. As the ALJ noted, all of the physical assessments in the record prescribe only light restrictions, fully compatible with a finding of light work.[1] As for plaintiff's psychological condition, there is conflicting evidence in the record as to the severity of plaintiff's psychological condition.[2]

---

[1] The report of Dr. Summers indicates that plaintiff

> has a moderate decrease in range of motion at her lumbar spine. Based on these findings, it is reasonable to expect that she will have difficulty with bending, stooping, and lifting greater than 20 lbs as well as sitting, standing, or walking for greater than 30 minutes continuously or more than 6 hours total in a single workday. She should tolerate all other work related activities in this regard.

(Tr. 211). The assessment of Dr. Downey is consistent with that of Dr. Summers. (Tr. 230-35).

[2] The report of Ms Garland indicates that plaintiff

> may be limited in ability to do very complex work. Ability to persist and concentrate appeared mildly to moderately limited today. Ability to get along with people appeared mildly limited. Ability to work with the public and ability to adapt appeared mildly to moderately limited. The claimant said that she cannot work because of health problems, not emotional problems.

(Tr. 207).

The assessment of the state agency psychologist indicates that plaintiff suffers from mild

7

Both Ms. Garland and the state agency psychologist prescribed only minor limitations, limitations which would not prevent a finding of light work. Only Mr. Collier, plaintiff's therapist, indicated more severe restrictions. However, as the ALJ pointed out, Mr. Collier was not able to support his findings with any objective evidence, instead basing his assessment on plaintiff's allegations of severe pain.[3] The Sixth Circuit has previously held that a treating physician's opinion is not entitled to controlling weight when the treating physician does not support his opinion with objective evidence or when the treating physician's opinion is based only on medical diagnoses or the plaintiff's subjective complaints. See Warner, 375 F.3d at 391; Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 530 (6th Cir. 1997); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Given that Mr. Collier's assessment does not indicate that is based upon any objective medical evidence, but instead appears to be based upon plaintiff's subjective complaints, the ALJ did not err in discounting Mr. Collier's medical opinion. Therefore, since the remainder

---

restrictions with respect to activities of daily living; moderate restrictions with respect to difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, or pace; and does not suffer from extended episodes of decompensation. The assessment further indicates that plaintiff is moderately limited with regard to the ability to maintain attention and concentration for extended periods, the ability to perform activities within a schedule, maintain regular attendance, and be punctual withing customary tolerances, the ability to complete a normal workday and workweek without interruptions from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and the ability to interact appropriately with the general public. (Tr. 212-29).

The assessment of Dr. Collier indicates that plaintiff has a good ability to perform activities of daily living; a fair ability to interact appropriately and communicate effectively, maintain personal appearance, and demonstrate reliability; a poor ability to adapt to stressful circumstances in work-like settings and to relate to supervisors and co-workers; and no ability to maintain concentration, persistence, and pace and deal with work stress. (Tr. 272-75)

[3]In the portion of the assessment where Dr. Collier was asked to describe any medical or clinical findings that supported his assessment, Dr. Collier indicated that "I have been seeing this [patient] since 10/02/03 and times when she was having pain. Her legs [and] back area [sic] and it is difficult for her to sit or stand." (Tr. 274).

8

of the medical evidence prescribed only limited restrictions, the ALJ did not err in finding that plaintiff is capable of performing light work.

Plaintiff next argues that the ALJ erred by failing to properly consider plaintiff's multiplicity of impairments. Plaintiff contends that the ALJ did not consider the combined effect of plaintiff's multiple medical conditions. In support of her argument, plaintiff cites to 20 C.F.R. § 404.1523, which requires the ALJ to consider the combined effect of all of a claimant's impairments when making a disability determination. Plaintiff argues that if the ALJ had considered the combined effect of all of her impairments, then the ALJ would have found that plaintiff was only capable of sedentary work. Plaintiff further argues that the ALJ's opinion does not even discuss the possibility of considering the cumulative effect of plaintiff's impairments.

The Commissioner responds by arguing that the ALJ did consider the combined effect of plaintiff's impairments and, therefore, did not commit error. The Commissioner points out that the ALJ did consider all of plaintiff's impairments, and that he considered them both "singly or in combination." (Tr. 17). The Commissioner further argues that the ALJ considered all of the medical evidence before him, and that, because some of that medical evidence was conflicting, made a credibility determination and discounted the opinion of Mr. Collier. The Commissioner contends that the ALJ was justified in discounting the opinion of Mr. Collier because Mr. Collier was not an acceptable medical source. See 20 C.F.R. §§ 404.1512, 416.912.

The Court finds that the ALJ did not err by failing to consider the combined effect of all of plaintiff's impairments. The ALJ's opinion specifically addressed each of the multiple medical conditions plaintiff suffers from. The ALJ stated in his opinion that he considered plaintiff's impairments both "singly" and "in combination" when making the severity determination required under the regulations. The fact that the ALJ discounted the opinion of Mr. Collier, a

9

decision which the Court has already ruled the ALJ was justified in making, does not mean that the ALJ did not consider all of plaintiff's impairments. Instead, the ALJ considered all of the evidence in the record and, in light of the conflicting testimony provided by Ms. Garland, the state agency psychologist, and Mr. Collier, found Mr. Collier to be lacking in credibility and discounted his opinion. Furthermore, the hypothetical posed by the ALJ to the vocational expert includes the limitations imposed by all of the credible medical sources in the record, further showing that the ALJ considered all of plaintiff's impairments and their combined effects.[4]

Finally, plaintiff argues that the ALJ erred in finding that plaintiff was not a credible witness. Plaintiff contends that the ALJ improperly considered plaintiff's daily activities, claiming that plaintiff performs those activities at her own pace, taking rest breaks as needed, and that those activities are not indicative of the ability to perform a forty hour work week. Plaintiff further argues that sporadic daily activities are not a proper benchmark for an individual's residual functional capacity when that individual suffers from an ailment subject to periods of remission and exacerbation. Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524 (6th Cir. 1992).

---

[4]In questioning the vocational expert about the availability of other jobs in the economy, the ALJ asked the vocational expert to consider an individual

> limited to a range of light work, that she couldn't do anymore than occasional stooping or bending. She could stand or walk no more than six hours in an eight-hour day, nor sit no more than six hours in an eight-hour workday, and she shouldn't do either one of those positions more than 30 minutes at a time. That because of the depression she describes and pain that she contends with, she would have the following residual functional capacity related to her mental functioning. She would be able to sustain persistence and pace over an extended period for simple tasks. She would have some difficulty with detailed tasks at times, but she would still be able to do so. She would be able to deal with the general public and interact with the general public with some difficulties at times, but she'd still be able to do so with no limits as far as dealing with co-workers or supervisors.

(Tr. 374). Compare with the physical and mental assessments described in footnotes 1 and 2, supra.

10

The Commissioner argues that the ALJ did not err in finding that plaintiff was not a credible witness. The Commissioner points out that the ALJ's credibility determinations are entitled to considerable deference. Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 34 (6th Cir. 1993) (quoting Hardaway v. Sec'y of Health & Human Servs., 823 F.2d 922, 928 (6th Cir. 1987)) ("Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference."). The Commissioner further argues that plaintiff's activities were not the sole basis for the ALJ's findings, but instead were merely one factor among many.

The Court rules that the ALJ did not err by finding that plaintiff was not a credible witness. Plaintiff's daily activities were not the sole factor the ALJ considered when determining plaintiff's residual functional capacity or credibility. The ALJ's opinion clearly shows that he also considered all of the medical evidence before him, including, among other things, evidence of plaintiff's back problems, carpal tunnel syndrome, pulmonary problems, hypertension, cutaneous sarcoidosis, and the reports of Dr. Summers, Ms. Garland, and the state agency psychologist. It is true that the ALJ did find that the report of Mr. Collier was not credible, and thus not worth consideration in making the residual functional capacity determination, but the Court ruled above that the ALJ did not err in doing so.

Furthermore, as the Court discussed above, the record contains evidence sufficient to support the ALJ's decision to discount plaintiff's testimony. Examples of items which tend to show that the plaintiff's testimony might not be credible include the fact that plaintiff's medical conditions required only conservative treatment (Tr. 19, 340), that plaintiff declined surgery in favor of continued conservative treatment (Id.), and the absence of any credible medical opinion supporting plaintiff's claim that she was unable to perform light work (Tr. 19-20). These factors,

11

when considered in conjunction with the plaintiff's daily activities and all of the credible medical evidence in the record, imply that plaintiff's allegations of severe pain may not be credible. All of this evidence, taken together, more than satisfies the substantial evidence standard; therefore, the ALJ did not err in finding that plaintiff was not credible.

For the reasons stated herein, it is hereby **RECOMMENDED**[5] that the plaintiff's motion for summary judgment [Doc. 14] be **DENIED** and that the defendant's motion for summary judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).